IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KINGRALE COLLINS,
ADC #102818                                                                                              PETITIONER

v.                                              5:15CV00124-DPM-JJV

STATE OF ARKANSAS                                                                      RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   BACKGROUND**

On October 21, 1997, Petitioner Kingrale Collins was sentenced to death by a jury in Cross County, Arkansas, for capital murder. (Doc. No. 12 at 78.) In its opinion affirming the conviction and sentence, the Arkansas Supreme Court described the events surrounding the murder. *Collins v. State*, 991 S.W.2d 541 (1999).

> In the early morning hours of May 18, 1996, Richard Cox went to Collins's residence, and, for reasons known best to them, they took Collins's twelve-gauge shotgun and proceeded to a trailer court where they rang the doorbell of Charlotte Archer's residence. Archer opted not to open the door when she looked out the window and saw two men with a shotgun outside the door. The men, later identified as Cox and Collins, left the Archer residence after getting no response. Archer said that she heard gunshots moments after the men left. Cox and Collins had gone up the street, knocked on the door of Brandon Sanders's house, where Holly Strickland and her husband were visiting, and when Holly opened the door, the men shot and killed her. Amy Renee Abbott was visiting with Holly at Sanders's, and the two women were in the living room when Holly was shot. Amy said the men shot the gun three times.

*Id.* at 543 (footnote omitted).

Mr. Collins was appointed separate counsel for his Rule 37 petition, and it was filed on October 12, 1999. (Doc. No. 11.) It was denied by the Cross County Circuit Court nearly five years later on September 23, 2004. Mr. Collins appealed, and the Arkansas Supreme Court reversed and

remanded the petition stating:

> Clearly, in this death case we have a breakdown in the postconviction relief proceedings. We therefore remand this case to the circuit court for the appointment of a Rule 37.5 qualified attorney and for Collins to file a verified petition for postconviction relief that complies with Rule 37.5. Collins may raise any and all issues he wishes to raise in the new petition.

*Collins v. State*, 231 S.W.3d 717, 720 (2006). A new Rule 37 petition was filed on February 5, 2007, and an amended petition was filed December 7, 2011. (Doc. No. 11-10.) Finally, on January 28, 2014, Mr. Collins and the State of Arkansas entered into an agreement in which Mr. Collins would withdraw his Rule 37 petition in exchange for being sentenced to life without parole. (Doc. No. 11-4.) An amended sentencing order was entered, and Mr. Collins's state postconviction proceedings came to a close.

He filed the current pro se Petition on April 20, 2015, asking the Court to reduce his sentence to life plus forty years or vacate the sentence completely. (Doc. No. 2) He alleges four grounds for relief: (1) "evidence pursuant to an unconstitutional search and seizure;" (2) "evidence pursuant to an unlawful arrest and false imprisonment;" (3) "evidence pursuant to unconstitutional sunshine laws;" and (4) "evidence pursuant to sentence imposed by the court." (*Id*.) A Response was filed on June 29, 2015, arguing, *inter alia*, that the Petition is barred by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). (Doc. No. 11.) For the following reasons, this Court agrees.

## II.   ANALYSIS

### A.   Statute of Limitations

Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

3

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

In Mr. Collins's case, the one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Even though Mr. Collins's conviction was affirmed by the Arkansas Supreme Court in 1999, his state post-conviction proceedings continued until the date of the stipulation and resentencing order, January 28, 2014. The circuit court judge made very clear at the Rule 37 hearing that by entering into the stipulation and agreement, Mr. Collins was waiving his right to appeal his new sentence. (Doc. No.11-10.) However, "the judgement becomes 'final' on the date seeking review expires." *Gonzalez v. Thaler*, 132 S.Ct. 641, 646 (2012). In Arkansas, the period of review expires thirty days from the date the judgment is entered. Ark. R. App. P. - Crim.2(a)(1). The last day for Mr. Collins to file a timely federal habeas petition was February 28, 2015. Mr. Collins filed his Petition on April 20, 2015, two months later. He makes no claim of actual innocence or equitable tolling, nor does he make any excuse for the untimely filing. Therefore, the statute is binding, and Mr. Collins's Petition must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time-barred. Therefore, no certificate of appealability should be issued.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED and the requested relief be DENIED.

2. A certificate of appealability should not be issued.

DATED this 29th day of July, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE